## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**DAVID FREEMAN,**

      **Plaintiff,**

**v.**

**WIPRO LIMITED CORP., a Foreign Profit Corporation,**

      **Defendant.**

**CASE NO.: 3:24-CV-00009-WWB-PDB**

## DEFENDANT WIPRO LIMITED'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Wipro Limited, ("Defendant" or "Wipro"),[1] hereby answers the Complaint of Plaintiff David Freeman ("Plaintiff"), in accordance with the numbered paragraphs thereof, as follows, and provides the following affirmative defenses to the Complaint:

## JURISDICTION AND VENUE

1.      Wipro admits Plaintiff purports to proceed as stated.  By way of further response, Wipro denies that it engaged in any conduct in violation of the Fair Labor Standards Act or any other statute or law.  Wipro further denies Plaintiff is entitled to recover the relief sought.

2.      Admitted only that venue is proper in the Middle District of Florida. The remaining allegations of this paragraph are denied.

## PARTIES AND FLSA COVERAGE

3.      Wipro is without knowledge or information sufficient to form a belief as to

---

[1] Defendant is not aware of a legal entity called "Wipro Limited Corp."  Freeman's employer was Wipro Limited.

the truth of the allegations of this paragraph; as such, they are denied.

4.      Admitted in part; denied in part.   Wipro admits it is a foreign profit corporation located in Bangalore, India and engages in business in Duval County, Florida. The remaining allegation in this paragraph is denied.

5.      Admitted.

6.      Denied.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Denied.

11.     Admitted.

12.     Wipro admits it provides services in Duval County, Florida.  The remaining allegations in this paragraph are denied.

13.     Admitted.

14.     Denied.

## STATEMENT OF FACTS

15.     Denied.

16.     Denied.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Admitted in part; denied in part.  Wipro admits it paid Plaintiff $9,114.96 on May 27, 2022, for overtime work.  The remaining allegations in this paragraph are denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Admitted in part; denied in part.   Wipro admits Plaintiff's paycheck on December 23, 2022, failed to reflect twenty-four (24) hours of work that Plaintiff had performed in excess of the amount reflected on the paycheck.   Wipro denies that it engaged in any conduct in violation of the Fair Labor Standards Act or any other statute or law.  By way of further response, Wipro paid Plaintiff for these wages.

26.     Denied.

27.     Denied.

28.     Admitted in part; denied in part.   Wipro admits it terminated Plaintiff's employment on March 6, 2023.  The remaining allegations in this paragraph are denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Admitted in part; denied in part.  Wipro admits this properly states the rule for compensating overtime hours worked under the FLSA and Plaintiff was eligible for overtime throughout his employment.   Wipro denies that it engaged in any conduct in violation of the Fair Labor Standards Act or any other statute or law.

36.     Admitted in part; denied in part.   Wipro admits Plaintiff performed non-

exempt duties and was entitled to compensation for overtime work.  Wipro denies that it engaged in any conduct in violation of the Fair Labor Standards Act or any other statute or law.

37.     Admitted in part; denied in part.  Wipro admits Plaintiff was not exempt from entitlement to overtime wages under the FLSA.  The remaining allegations in this paragraph are denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Admitted in part; denied in part. Wipro admits Plaintiff was entitled to compensation at the rate of one and one-half times Plaintiff's regular rate for all hours Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment. Wipro denies that it engaged in any conduct in violation of the Fair Labor Standards Act or any other statute or law.

45.     Admitted in part; denied in part.  Wipro admits that Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant. The remaining allegations in this paragraph, including subparts (a)-(c), are denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Upon information and belief, Wipro admits Plaintiff has retained the law firm of Richard Celler Legal, P.A. to represent him in the above-captioned matter.  Wipro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in this paragraph, and therefore, denies it.

## COUNT I

51.     No response is required to Plaintiff's incorporation paragraph, save that Plaintiff proceeds on behalf of no one but himself.

52.     Admitted in part; denied in part. Wipro admits Plaintiff was entitled to compensation at the rate of one and one-half times Plaintiff's regular rate for all hours Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment. Wipro denies that it engaged in any conduct in violation of the Fair Labor Standards Act or any other statute or law.

53.     Denied.

54.     Admitted.

55.     Admitted.

56.     Denied.

57.     Denied. Wipro further denies that it engaged in any conduct in violation of the Fair Labor Standards Act or any other statute or law.

Wipro denies Plaintiff is entitled to the relief sought within paragraphs A-F of the "Wherefore" clause.

## COUNT II

58.     No response is required to Plaintiff's incorporation paragraph, save that

Plaintiff proceeds on behalf of no one but himself.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Admitted in part; denied in part.  Wipro admits Plaintiff was terminated on March 2, 2023.  The remaining allegation in this paragraph is denied.

63.     Denied.  By way of further response, Wipro denies it engaged in any unlawful conduct.

64.     It is admitted only that this paragraph accurately quotes 29 U.S.C. § 215(a)(3).  Wipro denies it engaged in any unlawful conduct.

65.     It is admitted only that this paragraph accurately quotes *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989).  Wipro denies it engages in any unlawful conduct or that Plaintiff is entitled to the relief sought.

Wipro denies Plaintiff is entitled to the relief sought in the "Wherefore" clause.

## JURY DEMAND

Wipro admits Plaintiff demands a jury trial on all issues triable in Plaintiff's Complaint.  Wipro denies any liability or wrongdoing or that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Wipro denies all allegations whether express or implied, not explicitly admitted in the preceding Paragraphs.

## AFFIRMATIVE DEFENSES

As separate defenses and without conceding Wipro bears the burden of proof or persuasion as to any of them, Wipro alleges as follows:

## FIRST DEFENSE

Plaintiff's claims concerning events prior to February 20, 2022, are barred by the FLSA's statute of limitations.

## SECOND DEFENSE

Wipro did not act with the reckless state of mind needed for the FLSA's three-year statute of limitations to apply.

## THIRD DEFENSE

Any amounts owed to Plaintiff are *de minimis* and any action for same under the FLSA is barred.

## FOURTH DEFENSE

Wipro exercised reasonable diligence by establishing a process by which Plaintiff could report time spent working that was not recorded on his timecard.  Any damages suffered were the result of Plaintiff's failure to comply with this reasonable procedure, which deprived Wipro of actual or constructive notice of the time Plaintiff worked.

## FIFTH DEFENSE

Any and all actions taken by Wipro with respect to Plaintiff's employment or the terms and conditions thereof, were based upon legitimate, non-retaliatory business reasons and were taken without regard to any alleged protected activity by Plaintiff.

## SIXTH DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, because Plaintiff failed to reasonably mitigate his damages. Wipro is entitled to a setoff against Plaintiff's claim for damages in the amount Plaintiff earned or could have earned through reasonable efforts.

## SEVENTH DEFENSE

Plaintiff's claim for liquidated damages is barred, in whole or in part, by the provisions of the FLSA, because, in the event violations of the FLSA did occur, which Wipro denies, Wipro's actions or omissions were taken in good faith and with reasonable grounds for believing its actions were not in violation of the FLSA.

## RESERVATION

Defendant, WIPRO Limited, reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant requests

1.      That judgment be entered in favor of Defendant and against Plaintiff;

2.      That the Complaint be dismissed with prejudice;

3.      That Defendant be awarded its costs; and

4.      That Defendant, be granted such other and further relief as this Court may deem just and proper.

Dated: February 28, 2024            Respectfully submitted,

By:   */s/ Natalie J. Storch*

       Natalie J. Storch, Bar No. 0269920
       njstorch@littler.com
       LITTLER MENDELSON, P.C.
       111 North Orange Avenue
       Suite 1750
       Orlando, FL  32801.2366
       Telephone: 407.393.2900
       Facsimile: 407.393.2929

       Matthew J. Hank *(Pro Hac Vice)*
       mhank@littler.com
       Kaleigh McManus (*Pro Hac Vice*)
       khartigan@littler.com
       LITTLER MENDELSON, P.C.
       Three Parkway
       1601 Cherry Street, Suite 1400
       Philadelphia, PA  19102.1321
       Telephone: 267.402.3000
       Facsimile: 267.402.3131

       ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of February 2024, the foregoing was electronically filed with the Clerk of Court using CM/ECF, and the foregoing document is being served on all counsel of record identified on the attached Service List by operation of the Court's electronic filing system.

*/s/ Natalie J. Storch*
Natalie J. Storch

**SERVICE LIST**

**Counsel for Plaintiff**

Noah E. Storch (Bar No. 0085476)
noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84
Suite 103
Davie, Florida  33324
Telephone:   866.344.9243