# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| DAVID FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>WIPRO LIMITED CORP,<br>a Foreign Profit Corporation,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>3:24-CV-00009-WWB-PDB |

**JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, David Freeman ("Plaintiff" or "Freeman"), and Defendant, Wipro Limited Corp., ("Defendant" or "Wipro") (Plaintiff and Defendant are together referred to as the "Parties"), by and through their respective undersigned counsel, jointly move that the Court: 1) approve the terms of the Fair Labor Standards Act ("FLSA") settlement they have agreed to following negotiations; 2) dismiss this matter, with prejudice. In support of this motion, the Parties state as follows:

**PROCEDURAL BACKGROUND**

1. On January 3, 2024, Plaintiff filed a Complaint & Jury Demand ("Complaint") against Defendant Wipro alleging it failed to pay him properly and retaliated against him in alleged violation the FLSA. (ECF 1).

2. This Court entered a FLSA Case Management and Scheduling Order ("Scheduling Order") on February 6, 2024. (ECF 23).

3. Wipro filed its Answer and Statement of Defenses to Plaintiff's Complaint on February 21, 2024, denying Plaintiff's allegations and asserting defenses to Plaintiff's claims. (ECF 28).

4. Plaintiff filed served his Answers to the Court Interrogatories pursuant to the Scheduling Order on February 21, 2024. (ECF 28).

5. Wipro provided a verified summary of Plaintiff's Hours Worked and Pay and payroll and time records on March 21, 2024, pursuant to the Scheduling Order.

6. After reviewing the information exchanged, the Parties met for a Settlement Conference pursuant to the Scheduling Order on April 16, 2024, reached a resolution, and notified the Court of the settlement.

7. The Parties now move the Court to approve the FLSA Settlement Agreement in this matter and dismiss the action, with prejudice.

**FACTUAL BACKGROUND**

Wipro employed Plaintiff as a Developer L2 on the Citizen's Insurance Project in Jacksonville, Florida, from December 13, 2021, to March 3, 2023. Plaintiff's responsibilities included monitoring the network and resolving the network issues if the network went down. After Plaintiff's termination, he filed a lawsuit alleging Wipro did not pay him overtime and it retaliated against him in violation of the FLSA. The undersigned counsel exchanged email communications, documents, and information, and began to discuss the matter and the possibility of early resolution. In his Verified Interrogatory Answers,

Plaintiff, employed from approximately December 13, 2021, to March 3, 2023, (approximately 63 weeks), claims he worked 20 hours of overtime per workweek for 16 weeks and 3 hours of overtime per week thereafter. (ECF 28). Plaintiff also claims he was subject to retaliation when he was terminated. (ECF 28).

Wipro maintains it does not owe overtime compensation to Plaintiff, as he did not work 60 hours per week during any period of his employment, and he was paid for all of his overtime worked. Wipro further asserts Plaintiff did not engage in protected activity under the FLSA, and it terminated Plaintiff's employment for legitimate, non-retaliatory reasons. Plaintiff provided an estimate of the alleged overtime in his Answers to Court Interrogatories, but he provided no additional documentation to support his estimate (i.e. schedules, notes, etc.) and has not provided a specific, week-by-week estimate of alleged overtime, and has not provided evidence to support his claim of retaliation.

Although Wipro denies Plaintiff is entitled to overtime compensation or was subject to retaliation, the Parties agreed to a negotiated settlement of all Plaintiff's claims against Defendant, including Plaintiff's wage and retaliation claims against Defendant under the FLSA. The Parties agreed upon the monetary and material non-monetary terms of the Agreement, including a general release, a non-disparagement clause, and other provisions, which are supported by additional consideration in a separate agreement, which was negotiated separately from Plaintiff's recovery for overtime compensation and Plaintiff's recovery for attorneys' fees.

As reflected in the FLSA Settlement Agreement attached as **Exhibit A**, the settlement amount to be paid to Plaintiff includes an amount for back wages, liquidated/other damages equal to the amount paid for back wages, and a separately negotiated sum for Plaintiff's attorneys' fees and costs. The FLSA Settlement Agreement does not contain a modification clause or any other provision which would allow the Parties to modify their agreement after it has been approved by the Court. Further, while this matter involves a bona fide dispute as to whether and to what extent Plaintiff is entitled to damages, as demonstrated above, the terms of the Settlement Agreement were reached following weeks of negotiation by experienced counsel. The Settlement Agreement terms reflect the serious consideration of the information exchanged during settlement discussions and the Parties' recognition of the risks and costs of litigation.

In addition, the Parties entered into a Confidential Settlement Agreement and General Release, which contains a general release of claims (including Plaintiff's FLSA retaliation claim) and other non-monetary terms, and provides for attorneys' fees for the resolution of all other claims.[1] The Confidential Settlement Agreement and General Release was negotiated separately from Plaintiff's FLSA

---

[1] The Parties separately negotiated and entered into a separate Confidential Settlement Agreement and General Release, which addresses the other claims Plaintiff raised or could have raised in his Complaint. Should the Court require the Parties to disclose this agreement as part of the consideration of this Court's consideration of this Motion, the parties jointly request the Court permit the Parties to submit a copy of the Confidential Settlement and General Release *in camera* for review by the Court or permit the Parties to file the agreement under seal to preserve its confidentiality.

overtime compensation and his recovery for attorneys' fees. Based on the information provided and discussions with his counsel, Plaintiff agrees this settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. Pursuant to the FLSA Settlement Agreement, Plaintiff will receive compensation for a fair and reasonable number of hours he claims for alleged overtime compensation, an equal sum of liquidated/non-wages damages, and attorneys' fees and costs. Plaintiff also acknowledges that under the terms of the Confidential Settlement Agreement, Wipro is paying him an additional sum to resolve his retaliation claim under the FLSA and consideration in exchange for Plaintiff's agreement to certain terms, including a general release of claims against Wipro, a confidentiality provision, and a non-disparagement provision, which were negotiated separate from his FLSA overtime claim and recovery for attorneys' fees.

The Parties agree that resolving Plaintiff's wage claims in accordance with the Agreement makes sense for all concerned. The Parties therefore respectfully request this Court to approve their settlement and dismiss this action, with prejudice.

## MEMORANDUM OF LAW

In the Eleventh Circuit, the compromise of an FLSA claim generally must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the

FLSA. *Id.* at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlements in this case comply with the spirit of *Lynn's Food Stores, Inc*.

In considering FLSA settlements, Florida district courts consider the following factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity and duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g.*, *Seda v. All Fla. Appliance & A/C, Inc.*, 2015 U.S. Dist. LEXIS 75787, at *3 (M.D. Fla. June 4, 2015) (citing cases), *report and recommendation adopted by*, 2015 U.S. Dist. LEXIS 75791 (M.D. Fla. June 11, 2015). "This list is not exhaustive nor does it appear that the Court has to consider one factor more important than the other." *Id.*

Further, generally, "courts in this district have agreed":

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claim; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Davis v. Staramba Corp.*, 2016 U.S. Dist. LEXIS 62347, at *4-5 (M.D. Fla. Apr. 19, 2016), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 62348 (M.D. Fla. May 11, 2016); *see also Nedd v. Windhaven Ins. Co.,* 2017 U.S. Dist. LEXIS 181136, at *3 & n.2 (M.D. Fla. Oct. 30, 2017) (Sansone, M.J.), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS 180763 (M.D. Fla., Nov. 1, 2017) (noting that when "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (internal quotation marks omitted)).

In addition, the FLSA Settlement Agreement is narrowly tailored to the claims raised by Plaintiff under the FLSA. *See Marte v. Gizmo Orlando, Inc.*, 2018 WL 4610620, at *4 (M.D. Fla. May 31, 2018), *report and recommendation adopted*, 2018 WL 3084007 (M.D. Fla. June 22, 2018). Here, the release in the FLSA Settlement Agreement is limited to the wage claims under the FLSA Plaintiff raises in her Complaint. *See* Ex. A. Thus, the release is narrowly tailored to Plaintiff's claims and does not undermine the reasonableness of the settlement and should be approved. *See Marte*, 2018 WL 4610620 at *4.

Here, the parties engaged in settlement discussions prior to incurring the expense of significant discovery. Plaintiff, through his counsel, negotiated a settlement of his wage and retaliation claims against Defendant that are satisfactory to both Parties.  The undersigned counsel, who are experienced in wage and hour matters, view the settlement agreed upon as a good outcome for both Parties.  The Parties' settlement was reached only after careful consideration the facts, evidence, and law put forth by each party during settlement discussions, and after consultation with their respective counsel.  Moreover, the attorneys' fees and costs that Wipro will pay on behalf of Plaintiff are reasonable, the amount was negotiated separately from the amounts to be paid to Plaintiff, and the amount was agreed upon without regard to the amounts paid to Plaintiff.

There has been no fraud or collusion in the settlement of Plaintiff's wage claims or any of Plaintiff's other claims. Based upon the above, the FLSA settlement reached in this matter reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Davis*, 2016 U.S. Dist. LEXIS 62347, at *4 (internal quotation marks omitted) (quoting *DeGraff v. SMA Behavioral Health Servs, Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013)).  Ultimately, the Parties decided it is in their respective best interests to resolve this matter early through settlement rather than to proceed through protracted and costly litigation. Therefore, the Parties respectfully submit their settlement should be approved and this matter be dismissed, with prejudice.

## CONCLUSION

In light of the contested issues presented in this case and the potentially protracted and expensive litigation that lies ahead, the settlement terms represent a fair and equitable resolution of Plaintiff's FLSA claims. The Parties therefore respectfully request the Court enter an order: (1) approving the terms of the settlement of Plaintiff's FLSA claims; (2) dismissing this matter with prejudice; and (3) granting such further relief as the Court deems just.

Dated this 22ND day of May 2024.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Andres Kroboth<br>Noah E. Storch, Esq.<br>Florida Bar No. 0085476<br>Andres Kroboth, Esq.<br>Florida Bar No. 1016483<br>RICHARD CELLER LEGAL, P.A.<br>10368 W. SR. 84, Suite 103<br>Davie, Florida 33324<br>Telephone: (866) 344-9243<br>Facsimile: (954) 337-2771<br>E-Mail: andres@floridaovertimelawyer.com<br>E-Mail: noah@floridaovertimelawyer.com<br><br>*Counsel for Plaintiff* | /s/ Natalie J. Storch<br>Natalie J. Storch, Bar No. 0269920<br>njstorch@littler.com<br>LITTLER MENDELSON, P.C.<br>111 North Orange Avenue, Suite 1750<br>Orlando, FL 32801.2366<br>Telephone: 407.393.2900<br>Facsimile: 407.393.2929<br><br>Matthew J. Hank (Pro Hac Vice)<br>mhank@littler.com<br>Kaleigh McManus (Pro Hac Vice)<br>khartigan@littler.com<br>LITTLER MENDELSON, P.C.<br>Three Parkway<br>1601 Cherry Street, Suite 1400<br>Philadelphia, PA 19102.1321<br>Telephone: 267.402.3000<br>Facsimile: 267.402.3131<br><br>*Counsel for Defendant* |

4861-6172-2817.1 / 102985-1085